**Bakary SACKO, Petitioner,**

v.

**Peter D. KEISLER,[1] United States Attorney General, Respondent.**

**No. 07–0591–ag.**

United States Court of Appeals, Second Circuit.

Sept. 24, 2007.

Parker Waggaman, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Cindy S. Ferrier, Senior Litigation Counsel; Joseph A. O'Connell, Trial Attorney, Office of Immi-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

gration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Bakary Sacko, a native and citizen of the Ivory Coast, seeks review of a January 22, 2007 order of the BIA affirming a February 14, 2005 decision of Immigration Judge ("IJ") Patricia A. Rohan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bakary Sacko*, No. A 97 966 472 (B.I.A. Jan. 22, 2007), *aff'g* No. A 97 966 472 (Immig. Ct. N.Y. City, Feb. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Here, substantial evidence supports the IJ's adverse credibility determination. First, based upon the information in the State Department letter as to its inquiry into the authenticity of Sacko's Red Cross identification card, the IJ reasonably found that this card was fraudulent. To be sure, those fleeing persecution sometimes use false identification documents to escape the country where they face persecution; such use of false documents can be fully consistent with a well-founded claim to refugee status. *See Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133–35 (2d Cir.2006). Here, however, Sacko did not testify that he used a false Red Cross identification card in flight from persecution. Instead, the card was submitted to the IJ in support of his asylum petition. The document was material, tending to show that Sacko had departed the Ivory Coast as part of a mass exodus, and the record reflects that it was submitted after Sacko had been warned of the potentially serious consequences of deliberate fabrication. (JA 44–45). In these circumstances, the IJ reasonably relied on the submission of the document as one ground for her adverse credibility finding.

Substantial and material inconsistencies in the record further support that finding. The IJ accurately identified inconsistencies between Sacko's testimony and his written asylum application regarding: the timing of his first detention; the location of his second arrest; and the timing of his mother's alleged murder. In addition, the IJ correctly noted that Sacko's testimony was internally inconsistent regarding whether his younger sibling and father were in the shop with him when Gbagbo's agents first

arrested and beat him, and whether his family members were beaten as well. These inconsistencies were each material to Sacko's asylum claim and the IJ properly relied on their cumulative impact in rendering her adverse credibility determination. *See Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106–07 (2d Cir.2006).

Finally, the IJ reasonably relied on Sacko's failure to corroborate his claim in making this determination. The IJ appropriately noted that Sacko failed to provide evidence of any injuries sustained from the alleged beatings while in detention, or to provide affidavits from his father or the man who helped him to travel to the United States, explaining the origin of his documents or any of the events he claimed transpired. Sacko's failure to corroborate his testimony bore on his credibility because the absence of corroboration rendered him unable to rehabilitate testimony that had already been called into question. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 78 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 304–05 (2d Cir. 2007).

In sum, substantial evidence in the record, considered in the aggregate, supports the IJ's adverse credibility finding and her resulting determination that Sacko failed to establish his eligibility for asylum. The IJ's reasoning was not flawless, but remand is not required in this case when it can be confidently predicted that the agency would adhere to the same decision upon remand, after correcting for any flaws. *See Xiao Ji Chen*, 471 F.3d at 339–40.

Because the only evidence of a threat to Sacko's life or freedom or a likelihood of torture depended upon his credibility, the adverse credibility determination as to Sacko's asylum claim necessarily precludes success on Sacko's claims for withholding of removal and relief under the CAT, which rest on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.